UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kaitlyn Peabody,
    Plaintiff

    v.                                    Case No. 12-cv-209-SM
                                           Opinion No. 2012 DNH 181
Wal-Mart Stores, Inc.,
and George Savage,
    Defendants

**O R D E R**

Plaintiff's motion to remand (doc. no. 3) is granted.

Plaintiff objects to removal on the basis that the amount in controversy does not exceed $75,000. Her argument is probably not supportable, but remand is warranted in any event. Under the removal statute, 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction], . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, defendant George Savage is a citizen of New Hampshire.

That defect is procedural in nature, and may, therefore, be waived. Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012) (citing 28 U.S.C. § 1447(c)). A plaintiff waives the Section 1442(b)(2) requirement where she "proceed[s] in federal

court without objection." Stromberg v. Costello, 456 F. Supp. 848, 849 (D. Mass. 1978). Here, although the plaintiff advances an argument in support of remand that misses the mark, there is no question that she is objecting to removal and is not voluntarily proceeding in this federal forum. Compare Samaan, 670 F.3d at 28 (finding waiver where plaintiff, in addition to "not rais[ing] the defendants' Maine citizenship in support of his motion to remand," also "litigated the case for years").

Accordingly, the court finds that removal was defective and plaintiff has not waived the defect. Her motion to remand (doc. no. 3) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 16, 2012

cc:  Richard E. Fradette, Esq.
     Christopher B. Kaczmarek, Esq.